PER CURIAM:
*171 Claimants brought this action to recover funds which it expended to satisfy judgements rendered by the McDowell County Circuit Court. The claims was submitted to the Court upon a written Stipulation of Facts and Memorandum of Law. The facts of the claims are as follows:
In 1973, a Special Levy Election in McDowell County provided a supplement of $55.00 to all non-teaching personnel for five years, commencing with the 1974-75 fiscal year.
In 1975, the West Virginia Legislature passed Senate Bill 121 which provided a minimum pay schedule for non-teaching personnel and teaching personnel which became effective July 1, 1975.
The McDowell County Board of Education requested an interpretation of the application of the Special Levy Election provisions and Senate Bill 121. More specifically, the Board wished to determine whether the $55.00 supplement was in addition to the minimum pay schedule in Senate Bill No. 121 or was included as a part of the minimum pay schedule.
The Superintendent of the State Board of Education advised the McDowell County Board of Education to include the $55.00 supplement as part of the minimum salary schedule.
The McDowell County Board of Education was then challenged by the McDowell County Non-teaching Employees Association in McDowell County Circuit Court.
The McDowell County Circuit Court issued a decision supporting the position of the McDowell County Board of Education. However, on December 11, 1979, the West Virginia Supreme Court of Appeals held that the McDowell County Board of Education failed to properly pay the non-teaching employees the supplement required to be paid under the provisions of the Special Levy Election.
The McDowell County Circuit Court thereafter granted a judgement against the McDowell County Board of Education in the amount of $1,355,936.97, which judgement has been satisfied.
A second Special Levy Election was also instituted and a judgement was rendered against the Board in the amount of $949,879.63 to satisfy the pronouncement of the Supreme Court in the original case.
The McDowell County Board of Education attempted to recover these two judgements in an action against the State Board of Education in the Kanawha County Circuit Court. However, the complaint was dismissed based upon the provision of immunity in Article VI, Section 35 of the West Virginia Constitution. The West Virginia Supreme Court denied a petition to review the Kanawha County Circuit Court decision, thus upholding the immunity provision.
It is the claimants' position that the McDowell County Board of Education was required to follow the advice of the West Virginia Board of Education. Therefore, there is a moral *172 obligation on the part of the State Board of Education to reimburse the McDowell County Board of Education for the monies expended to satisfy the judgements rendered against it.
The respondent contends that the McDowell County Board of Education made a conscientious decision in its adherence to the advice from the West Virginia Board of Education. The McDowell County Board of Education paid its professional personnel the supplement provided in the Special Levy Election or $105.00 over and above the minimum salary schedule provided by the State formula. However, the McDowell County Board of Education included the supplement of the special Levy Election as part of the minimum salaries for its non-teaching personnel.
Not only was this decision based upon information furnished by the West Virginia Board of Education, the West Virginia Legislature in enacting Senate Bill No. 121 specifically based its own fiscal calculations on the inclusion of the local salary supplement in meeting the minimum pay scales.[1]
*173 The West Virginia Supreme Court in Thomas, et al. vs. McDowell County Board of Education, 261 S.E.2d 66 (1979) was either unaware of this specific legislative intent or chose to give it no weight.[2]
The Legislature gave the State Board of Education no alternative but to include the special levy funds in the minimum salary requirements. The State Board in turn placed the same burden on the claimant, McDowell County Board of Education.
The Court, having reviewed the stipulation and memorandum of law, is of the opinion that the McDowell County Board of Education acted in good faith throughout this controversy, has been diligent in attempting to seek redress, and is the innocent victim of the Legislature's attempt to reduce the cost of the minimum non-teaching personnel salaries to the State's general revenue.
Under such circumstances, the Court is of the opinion that there is a clear moral obligation on the part of the respondent to rectify this situation, and an award in the amount of the judgements entered by the Circuit Court of McDowell County of $2,305,816.60 is accordingly made.
Award of $2,305,816.60.

 The affidavit of Willis W. Moore which is a part.of the stipulation in this matter makes this clear.
"On this day there appeared before me the undersigned authority, one WILLIS W. MOORE, who, being first duly sworn, deposes and says that is employed by the West Virginia Department of Education in the Bureau of Finance and Services as Assistant Bureau Chief in charge of School Finances. The affiant further avers that:
1. He was employed by the West Virginia Department of Education in the Bureau of Finance at the time the Legislature of the State of West Virginia enacted Engrossed Senate Bill No. 121, establishing minimum pay scales for nonteaching personnel of the West Virginia public schools in 1975.
2. Several counties, including McDowell County, had authorized adoption of excess school levies at special levy elections to continue supplements to state basic salaries of, among others, regularly employed full-time nonteaching employees in certain amounts specified in the levy calls.
3. Prior to the enactment of engrossed Senate Bill No. 121, the Senate Finance Committee requested a fiscal note from the West Virginia Department of Education, describing the fiscal impact of the establishment of state minimum pay scales for nonteaching personnel in the public schools, including the amounts of local funds already being paid by the county boards of education to such personnel (now described as service personnel) and the corresponding amounts which would have to be appropriated by the Legislature to bring their salaries up to the state minimum pay scales.
4. The affiant assisted in preparation of the fiscal note which, when first submitted to the Legislature, described the fiscal impact, using the base salaries paid to nonteaching personnel and not including the county salary supplements as part of the local funds in arriving at the amount of state funds which must be appropriated to bring the salaries of such employees up to the state minimum pay scales which would be established in Senate Bill No. 121.
5. The West Virginia Department of Education was then requested to amend the fiscal note to provide the fiscal impact of establishing the state minimum pay scales for nonteaching public school employees, using as a base all local funds already paid to such personnel, including county salary supplements funded through local excess levies. The affiant assisted in the preparation of the amended fiscal note, as requested.
6. The amended fiscal note describing a lesser fiscal impact upon the State of West Virginia and county boards of education was used by the 1975 Legislature in appropriating revenues in support of Engrossed Senate Bill No. 121, effective 1 July 1975, and a similar formula was used in subsequent sessions of the Legislature of the State of West Virginia until entry of the decision of the West Virginia Supreme Court in Thomas vs. Board of Education, et al., 164 W.Va. 84 (1979), on December 11, 1979."

 "We think the overall intent of the Legislature in this regard (the use of special levy funds) is to preserve the integrity of special or excess levy funds. This intent may not be defeated by a contrary construction of one provision of a statute without regard to the general purpose of the Legislature with respect to special levies." Thomas, et al. vs. McDowell Cty. Bd. of Ed., 261 S.E.2d 66 (1979).